173 So. 897

**DESSALLES v. TICHENOR.**

No. 34249.

March 29, 1937.

S. J. Parlongue, of New Orleans, for appellant.

H. M. Ansley, of New Orleans, for appellee.

FOURNET, Justice.

This case is before us for consideration on the motion of the defendant and appellee to dismiss the appeal. The case was originally appealed from the district court to the Court of Appeal and by it transfer-

red to this court, under the provisions of Act No. 19 of 1912, on a motion to dismiss filed by·mover.

The basis of the motion here is that neither the appellant nor his attorney of record, before the transfer was made from the court of appeal to this court, made oath that the appeal was not taken for the purpose of delay, as required by Act No. 56 of 1904.

Counsel for mover filed no brief in support of the motion, as required by rule 8 of the rules of this court, but alleged in the motion:

"That Act 19 of 1912, purporting to amend Act 56 of 1904, did not have the effect of repealing the provision of Act 56 of 1904, quoted in Article 8 of this motion for the reason that the title to Act 19 of 1912 conclusively shows that Act 56 of 1904 was only amended 'by authorizing the Supreme Court to transfer to the Court of Appeal any case that may (be) erroneously transferred to the Supreme Court by the Courts of Appeal, etc.'

"That the body of Act 19 of 1912, especially section one thereof is broader than the title thereof and if it purports to go further than authorized by the title, said Act is unconstitutional, null and void, violates the constitution of Louisiana especially Article 3, Section 16 of the Constitution of 1921; that said Act also conflicts with Article 29 (sic) of said constitution."

The title of Act No. 19 of 1912 reads as follows:

"An Act *to amend and re-enact Act No. 56 of the Acts of 1904*, entitled 'An Act Relative to the Jurisdiction of the Supreme

Court and Courts of Appeal and to authorize either Court to transfer to the other the record in any case where the appeal was brought up through mistake in the jurisdiction, instead of dismissing the appeal,' by authorizing the Supreme Court to transfer to the Court of Appeal any case that may be erroneously transferred to the Supreme Court by the Courts of Appeal, to be there proceeded with as if it had never been transferred to the Supreme Court." (Italics ours.)

Thus it may be seen that the purpose and object of the act was not only to amend but *re-enact* Act No. 56 of 1904, and, conse-

quently, was not limited to merely amending the act. The Legislature, therefore, did not violate any of the constitutional requirements by leaving out that portion of Act No. 56 of 1904 requiring that the appellant or his attorney of record, before transferring a case from one court to another, make oath that the appeal was not taken for the purpose of delay.

We, therefore, conclude that the act is constitutional and supersedes Act No. 56 of 1904.

For the reasons assigned, the motion to dismiss the appeal is denied, at mover's cost.